I concur in the main opinion. I write specially simply to clarify what I understand to be the relationship between the "substantial relationship rule" and the "fairly debatable rule" and their respective applicability.
The main opinion states:
 "[T]he parties discuss at length whether the appropriate standard to be applied in this case is (1) the `substantial relationship rule' and the `fairly debatable rule,' as two separate prongs, or (2) only the `fairly debatable rule' as a single prong when an ordinance is being applied to a specific parcel of property. Authority appears to exist for both the one-pronged approach and the two-pronged approach; compare H.H.B., L.L.C. v. D F, L.L.C., 843 So.2d 116 (Ala. 2002) (per curiam) (discussing the substantial-relationship rule and the fairly debatable rule as one prong, when a zoning ordinance is being applied to a specific parcel of property), with BP Oil Co. v. Jefferson County, 571 So.2d 1026 (Ala. 1990) (recognizing that the substantial-relationship rule and the fairly debatable rule are two separate considerations). In this case our result would be the same under either approach; therefore, we need not resolve the parties' debate on this issue."
902 So.2d at 25.
In zoning cases, there are two applicable rules: the "substantial relationship rule" and the "fairly debatable rule." This Court explained the applicability of these two rules in BPOil Co. v. Jefferson County, 571 So.2d 1026, 1028-29 (Ala. 1990) (quoting Byrd Cos. v. Jefferson County, 445 So.2d 239, 247
(Ala. 1983)):
 "`The substantial relationship rule is a substantive law, and may be simply stated as follows: In order for a zoning ordinance or regulation to be valid, it must have some substantial relationship to the promotion of the public health, safety, morals, or general welfare. When correctly applied, this rule is not in any manner modified by the fairly debatable rule. The [fairly debatable rule], being a rule of procedure or application, may be simply stated as follows: If the application of a zoning classification to a specific parcel of property is reasonably subject to disagreement, that is, if the application is fairly debatable, then the application of the ordinance by the zoning authority should not be disturbed by the courts. Of course, it is always a matter for the court to determine whether a zoning authority acted reasonably or fairly, or whether capriciously or arbitrarily. The fairly debatable rule applies to the application of the ordinance and does not modify the requirement *Page 31 
that the ordinance itself and the application thereof must have a reasonable relationship to the health, safety, morals, or general welfare.'"
To the same effect, this Court more recently stated in H.H.B.,L.L.C. v. D F, L.L.C., 843 So.2d 116, 120-21 (Ala. 2002) (per curiam):
 "`"`[I]n cases where the validity of a zoning ordinance is fairly debatable, the court cannot substitute its judgment for that of the legislative authority. . . .
 "`"`. . . [T]he courts should not . . . hold a zoning enactment invalid, unless the enactment, in whole or in relation to any particular property, is shown to be clearly arbitrary, capricious, or unreasonable, having no substantial relation to the public health, safety, or welfare, or . . . plainly contrary to the zoning laws.'"
"`. . . .
 "`The "fairly debatable" rule concerns the application of a zoning classification to a specific parcel of property. "`[I]f the application of a zoning classification to a specific parcel of property is reasonably subject to disagreement, that is, if its application is fairly debatable, then the application of the ordinance by the zoning authority should not be disturbed by the courts.'" . . .'"
(Citations and emphasis omitted.)
Thus, in this case I would apply the "substantial relationship rule" to determine whether the zoning of the Morrow House in 1990 as R-3 is substantively valid and bears a reasonable relationship to the promotion of the health, safety, morals, or general welfare of the community. I would then apply the "fairly debatable rule" to determine whether the application of the R-3 zoning regulation adopted in 1990 to the Morrow House by the City Council of Birmingham was fairly debatable; that is, I would review the denial of the petition filed by Unus Properties, LLC, to rezone the Morrow House under the "fairly debatable rule."
The main opinion applies the "substantial relationship rule" and determines that the 1990 zoning of the Morrow House was substantially related to the health, safety, morals, and general welfare of the community. I agree. The main opinion applies the "fairly debatable rule" and determines that the denial of the petition to rezone the Morrow House was fairly debatable. I also agree with that conclusion. I do not believe that any analysis beyond this, applying the "substantial relationship rule" to the actual denial of the petition to rezone by the City Council of Birmingham, is called for.